## MILBURN v. MILBURN.   (No. 10337.)

(Court of Civil Appeals of Texas.   Fort Worth.   June 23, 1923.)

**1. Divorce ⬅═249(1)—Statute requires court to regard rights of children in making division of property.**

Rev. St. art. 4634, providing that the court decreeing divorce shall decree a division of the estate, having regard to the rights of each party and their children, contemplates that division of the estates must be made, and, being imperative in form, it is the court's duty to regard the rights of children and give effect thereto by provision for their maintenance and education, if it can be done without injustice to the parents by any division of property short of a divestiture of title to real estate.

**2. Parent and child ⬅═3(1)—Father required to support minor child.**

The father has the legal obligation to support his child, regardless of any physical incapacity to do so.

**3. Divorce ⬅═249(3)—Wife awarded possession of husband's farm for support and maintenance of minor child.**

Where an aged husband procured a divorce from his middle-aged wife, who was without means of support for herself or their child except from unmarried sons of a former marriage, and the farm owned by husband had furnished their home, and the wife, with the help of the minor son, made a living both for herself and her minor child thereon, possession, use, and occupation of the farm for the support and maintenance of the wife and the minor child will be awarded her until the child attains its majority, and thereafter the possession reverts to the husband.

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Action by G. H. Milburn against Mollie Milburn.   Judgment for plaintiff, and defendant appeals.   Reformed and affirmed.

Martin & Hook, of Weatherford, for appellant.

Hood & Shadle, of Weatherford, for appellee.

CONNER, C. J.   The appellee, G. H. Milburn, instituted this suit against Mollie Milburn for a divorce from the bonds of matrimony, as grounds therefor specifying certain acts of cruelty that we need not particularly recite.   The trial court's findings of fact and conclusions of law present the material facts and the result of the trial.   These conclusions read as follows:

## "Findings of Fact.

"1. I find that the plaintiff has been an actual bona fide inhabitant of the state of Texas and a resident of Parker county for many years next before the filing of this suit, and is such at the trial hereof.

"2. I find that he and the defendant were duly married as alleged, and that they lived together as husband and wife until about the 14th day of January, 1922, when they separated, and since that time have not lived together or cohabited as husband and wife.

"3. I find that the material allegations of plaintiff's petition and his first trial amendment are true.

"4. I find that the tract of land in controversy was wholly paid for with the proceeds of property which the plaintiff inherited and received from his mother; the same being his separate estate.

"5. I find that the bank of Whitt has a lien on the horses, wagon, and cows owned by the parties for as much as said property is worth.

"6. I find that the plaintiff is an aged man, feeble in mind and body, and unable to do or perform heavy or continuous labor, that he has no trade or profession, and cannot do anything but common labor, and cannot do more than earn a support for himself, and that the farm in controversy is poor and comparatively nonproductive, and that the revenue therefrom is insignificant.

"7. I find that the defendant is healthy and able bodied, industrious and frugal; that she has several grown and unmarried sons, with whom she has lived since separated from plaintiff, and who are able and willing to provide for or assist defendant and her minor child, and that the defendant, with such assistance, is better able to care for and provide for herself and child than the plaintiff is to provide for himself, even when the small revenue to be derived from said farm is taken into account.   I further find that the defendant is a suitable person to have the care and custody of the minor child of herself and plaintiff, to wit, Leola Milburn, a girl 5 years old, and that the best interest of said child would be subserved by awarding its custody and care to its mother.

"8. I find that the plaintiff is financially unable to pay attorney's fees and for the maintenance of said child, and that he needs the use of said farm to aid in his support.

## "Conclusions of Law.

"I conclude that plaintiff should be granted a divorce; that the land in question is the separate property of plaintiff; that the care and custody of the minor child be awarded to defendant; that defendant's plea to have the land in question set aside to her and for attorney's fees and for a sum to be paid for the maintenance and support of said child be denied; and judgment be rendered accordingly."

The evidence is sufficient, we think, to support the trial court's findings of fact, and, while in behalf of appellant a number of assignments of error are presented, only a single question is seriously urged; that is, did the court err in failing to provide for the maintenance and support of the child, Leola Milburn?

The case can but excite sympathy for the parties directly affected by the judgment. On the one hand we have an aged and more or less infirm man; on the other hand, a

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

middle-aged woman and the minor daughter of tender years. While on each side relatives live who are able to contribute to their support, no one is under legal obligation to do so, and the only sure source of income is a little farm of small productive value, owned by the husband and father. Upon casual notice it is perhaps not very clear that the trial judge erred in his disposition of the property interests of the parties, and our responsibility in reviewing his action in this respect has not been lightly felt. We have finally concluded, however, that the minor child, at least, is entitled to some provision for its maintenance and education—the best that can be provided out of the meager supply—having due regard to the legal rights and necessities of other parties.

[1] In chapter 4, tit. 68, of our Revised Statutes, are to be found the statutory regulations relating to the subject of divorce. Article 4634 of that chapter provides that:

"The court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right, having due regard to the rights of each party and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest himself or herself of the title to real estate."

It will be noted that the statute quoted contemplates that in pronouncing a decree of divorce some division of the estate of the parties must be made. The language of the statute is imperative in form and without specific indication that it is proper in any case to award the whole estate to one of the parties only; the only restriction being that, in making the division required, the court shall have due regard to the rights of the parents and their children, and not compel a divesture of the title to either party to real estate, thus making it the specific duty of the court to regard the rights of the children, as well as of the parents, and to give effect to such rights by making some provision for their maintenance and education, if it can be done without injustice to the parents by any division of the property short of a divesture of the title to real estate.

[2] In considering the right of the child, the spirit of the law requires age to give way to infancy and helpless youth, and imposes upon the father the legal obligation to support his child, regardless of any physical incapacity to do so. Thus our Supreme Court, in the case of Gulley v. Gulley, 111 Tex. 233, 231 S. W. 97, 15 A. L. R. 564, quotes with approval the following from Sir William Blackstone's Commentaries on the common law, viz:

"It [the law] declares that he [the father] shall support his children, because every man

is under obligation to provide for those descended from his loins."

In the same case it was further said:

"Thus the law regards the right of minor children to maintenance as paramount to the rights of the parents to the use of any and all property belonging to them."

And yet again:

"Though both parties are under the duty, legal as well as moral, to support and educate their children during minority, the duty rests primarily in this state, without doubt, upon the father."

The court further quoted the following from the opinion in the case of Magee v. White, 23 Tex. 192:

"We are of opinion that the law imposes upon the husband the obligation to support his wife and children. If he have separate property, and there is no common property, it cannot for a moment be pretended that his separate property cannot be charged for necessaries for the support of his family. * * * It declares that he shall support his children, because every man is under obligation to provide for those descended from his loins."

And further said:

"We do not think that a decree of divorce which is either silent as to the children's custody and maintenance or which awards their custody to the mother relieves the father of his primary duty to support the children.

"The duty to support a minor child is imposed primarily on the father in the interest of the child. The chief concern of the state is the child's welfare. It is best for the child to impose the duty in the first instance on the father, because human experience demonstrates that he is best able to perform the duty. It it as much to the advantage of the child that the primary obligation of the father continue after as before the divorce. Being blameless with respect to the fault occasioning the divorce, the child certainly ought not to be thereby deprived of a right of real and continuing value."

In the very recent case of Hedtke v. Hedtke (Tex. Sup.) 248 S. W. 21, our Supreme Court cited with approval the case of Gulley v. Gulley, 111 Tex. 233, 231 S. W. 97, 15 A. L. R. 564, from which we have quoted, and, among other things, said:

"The true rule was also announced by Judge Fly for the San Antonio Court of Civil Appeals in Pape v. Pape, 13 Tex. Civ. App. 100, 35 S. W. 480, when he said:

"'The estate of both, whether separate or community, could have been placed in the hands of a trustee, and the revenues arising therefrom have been used, in the proportions ordered by the court, for the support of the husband, the wife, and the children.'"

[3] In addition to the facts presented in the court's conclusions, it may be stated that the

evidence shows without dispute that appellant's sons are unmarried, the oldest being 24 years of age, and whatever may be the promptings of filial love, we know of no legal obligation that rests upon the sons to support either the mother or the child of appellee. Appellant must, in the course of natural law, be at least of middle age. It is undisputed that she is without a home and without property of any kind or character. The evidence further shows, however, that the farm owned by appellee, while of little value, nevertheless furnished a home, and that appellant, with the help of her minor son and with the proceeds from chickens, eggs, products of the garden, etc., made a living both for herself and her minor child; it appearing that during a recent year appellant and her minor son raised on this land, 1,250 pounds of cotton. The evidence shows that shortly before the trial of this case appellee worked for a pipe line company for some six weeks and earned a total of $45 besides his board, and at the time of the trial he was living with a well-to-do brother chopping wood at $1.50 a day and his board, and the evidence fails to show that if permitted to retain possession of the farm that he in person would utilize it by cultivating crops thereon.

It will perhaps be appropriate to further state that the trouble between the parties seems to have been principally between appellee and appellant's boys, with whom she sided in their differences, and not so much because of any active cruelty or wrongdoing on appellant's part. On the whole, we conclude that just rights of the helpless minor child and of appellant and appellee can best be served by awarding to appellant the possession, use, and occupation of the little farm, described in the pleadings of the parties, for the support and maintenance of both appellant and said minor child until said minor child shall have obtained her majority, whereupon the possession, use, and occupation of the farm shall revert to appellee or to those legally claiming under him, with direction, however, that in the meantime the net proceeds arising from the product of said farm shall be charged, first, with the payment of all taxes due thereon; and, second, with costs of such improvements or betterments as may be necessary to preserve the farm from waste or destruction; and, third, out of the remainder, if any, appellee shall be paid one-half of the usual crop rents, not including proceeds arising from the sale of chickens, eggs, butter, milk, etc.

The trial court's conclusions of fact, together with the undisputed facts stated, are accordingly adopted, and the judgment below reformed as above indicated, and, as so reformed, affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes