## HELM v. HELM.   (No. 9996.)

(Court of Civil Appeals of Texas. Dallas. Feb. 5, 1927.   Rehearing Denied March 12, 1927.)

1. Divorce ⬅➔87—Notwithstanding solvency; defendant may be enjoined from incumbering or disposing of property (Rev. St. 1925, § 4635).

In divorce action, defendant's solvency does not prevent issuance of injunction restraining him from incumbering or disposing of property, in view of Rev. St. 1925, § 4635.

2. Divorce ⬅➔249(3)—Under statute, court may set aside husband's separate property for support of wife, though parties are childless (Rev. St. 1925, art. 4638).

Under Rev. St. 1925, art. 4638, trial courts have wide discretion in disposition of property, separate or community, and, in order to do equity between husband, wife, or children, they may award personalty to either spouse, or burden realty, regardless of whether parties are childless.

Appeal from District Court, Dallas County.

Suit for divorce by Blanche R. Helm against James S. Helm. From an order granting a temporary injunction restraining defendant from disposing of certain property, he appeals. Affirmed.

Muse & Muse, of Dallas, for appellant.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellee.

LOONEY, J. Mrs. Blanche R. Helm brought this suit against her husband, James S. Helm, for divorce on the ground of cruel treatment. For relief she prayed that the defendant be required to file an inventory and appraisement of property, and, on final hearing for divorce, that there be set aside for her exclusive use and occupancy their residence in Windsor Place addition to the city of Dallas, and for such allowances and provisions for the parties as to the court shall seem just, alimony pending the suit, and reasonable attorney's fees.

The defendant answered, denying plaintiff's allegations of cruel treatment, and in a cross-bill seeks a divorce on the ground of plaintiff's cruelty to him. As a part of his answer and cross-action, defendant included an inventory of all separate and community property, which disclosed that he owned a separate estate exceeding $250,000 in value; that their community estate amounted to about $4,000, and that the plaintiff owned and was in possession of a separate estate of the value of about $17,000, which consisted of property given her by the defendant since their marriage.

In an ancillary proceeding plaintiff alleged that, owing to the bitter feeling of the defendant towards her, she feared he would at the first convenient opportunity, regardless of her rights, dispose of or otherwise place beyond the jurisdiction of the court all of the property; therefore she sought the issuance of a temporary injunction to restrain him from disposing of certain designated property until the adjudication of the case.

Replying to plaintiff's application for injunction, defendant denied that he intended to remove or dispose of his property or to defeat plaintiff's rights, and that she had no reason to so believe; that their community property, after paying community indebtedness, would not exceed $3,000 or $4,000 in value; that none of the separate property of plaintiff was in his possession; that the parties are childless (that is to say, no child was born of their marriage); and therefore it would be inequitable to impound his separate property or any part for her benefit; that he is abundantly solvent, and can and will pay plaintiff whatever is adjudged to be hers.

These pleadings of the parties were under oath, and, on hearing the application for injunction, were introduced in evidence and considered by the trial court as the facts of the case, and are agreed upon by the parties for the purpose of this hearing, as constituting the statement of facts.

The court granted a temporary writ restraining defendant from in any wise selling, incumbering, or disposing of the following properties, to wit: Their residence and certain bonds amounting to $25,000, subject to further orders of the court.

From the order granting the writ of injunction, defendant appealed, and urges as grounds for reversal: (1) That, in view of the unquestioned solvency of defendant, the issuance of the injunction was not necessary to protect plaintiff in her rights as to the community property; (2) as they are a childless couple, the court would not be authorized, in granting a divorce, to set aside for her use, nor impound or otherwise burden, his separate property for her support, or to provide her an income.

[1] Defendant's contention that his condition of solvency should be a complete answer to the application of plaintiff for injunction cannot in our opinion be sustained. Article 4635, R. S. 1925, reads:

"At any time during a suit for divorce the wife may, for the preservation of her rights, require an inventory and an appraisement to be made of both real and personal estate which are in the possession of the husband, and an injunction restraining him from disposing of any part thereof in any manner."

The purpose of this statute, in preventing the husband from disposing of property during the pendency of the divorce suit, is to preserve its status. On satisfactory showing to the effect that defendant is likely to dispose of property, it would be the duty of the court to restrain defendant in this respect, and this without regard to the question of his solvency. Turner v. Turner, 47 Tex. Civ. App. 391, 105 S. W. 237.

[2] Defendant's contention that the court granting a divorce would not be authorized to set aside for the use of plaintiff, nor burden, his separate property for her support or for her an income, brings under review article 4638, Rev. St. 1925, as follows:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

After an exhaustive examination of the authorities, we are of the opinion that this statute has a meaning contrary to the view urged by defendant. From the decisions and dictum announced by our appellate courts in the following cases, to wit: Fitts v. Fitts, 14 Tex. 444, 451-454; Rice v. Rice, 21 Tex. 59, 66; Simons v. Simons, 23 Tex. 344, 346; Pape v. Pape, 13 Tex. Civ. App. 99, 35 S. W. 479, 480; Kirkwood v. Domnau, 80 Tex. 645,

647, 16 S. W. 428, 26 Am. St. Rep. 770; Bahn v. Starcke, 89 Tex. 203, 34 S. W. 103, 59 Am. St. Rep. 40; Long v. Long, 29 Tex. Civ. App. 536, 69 S. W. 428; Tiemann v. Tiemann, 34 Tex. 523; Wade v. Wade (Tex. Civ. App.) 180 S. W. 643; Holland v. Zilliox, 38 Tex. Civ. App. 416, 86 S. W. 36, 38; Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21; and Milburn v. Milburn (Tex. Civ. App.) 254 S. W. 121—we can safely deduce the rule that trial courts are given by the statute in question a wide discretion in the disposition of property, separate or community, where divorces are decreed; that, in order to do complete equity between the parties, husband, wife, or children, they may award personalty to either spouse and real estate belonging to either or both may be burdened for the support of either or both, or for the education and support of children, if any.

On the facts, we cannot say that the trial court abused its discretion in granting the writ. The pleadings were introduced in evidence and constituted the facts on which the court below acted. From the conflict thus presented, the court resolved the question in favor of plaintiff, and we do not feel justified in disturbing its decision. We therefore overrule appellant's assignments and affirm the judgment.

Affirmed.