### FARRIS v. FARRIS.   (No. 8192.)

Court of Civil Appeals of Texas. San Antonio. April 3, 1929.

Atlas Jones, of San Antonio, for appellant.
Ditzler H. Jones, of Uvalde, for appellee.

SMITH, J. This suit involves divorce, custody of a minor child, and adjustment of marital property rights. At the close of the evidence the parties agreed that the issue of divorce be submitted to the jury, but that all other matters should be determined by the trial judge without the aid of the jury. The jury found in favor of the husband, R. C. Farris, upon the issue of divorce, and no complaint is made here of the judgment rendered in accordance with that finding.

The trial judge awarded the custody of the minor child to the mother, Reba Norine Farris, and rendered judgment in her favor for her attorney's fees, and for costs of suit, and no complaint is made here of that disposition of those matters. The result is that nothing is involved in this appeal but the matter of adjustment of property rights; Reba Norine Farris having appealed from the judgment as disposing of those matters.

It appears from the record that appellee owns approximatey 1,115 acres of land in Uvalde county of a net value in excess of $13,000, which is his separate property by reason of inheritance; that during coverture he had purchased nine certain town lots in Uvalde, and had paid a part ($800) of the purchase price therefor out of his separate estate, and a part ($165) out of the community estate, and that a balance of approximately $1,300 was still owing upon the purchase price of these lots; that most of the household furniture also was a part of appellee's separate estate. The amount and value of the community estate was negligible, but included $100 cash in a bank. In adjusting the property rights between the parties, the trial court awarded the $100 cash in bank, as well as the whole of his separate estate, to appellee, other than his interest in the town lots, and certain household equipment; while to appellant he awarded the household furniture, a 1923 model Dodge car, a Ford truck, a sewing machine, and the town lots, subject to the incumbrance thereon, the liability for which was adjudged against appellant, appellee being relieved thereof. Mrs. Farris has appealed from this adjustment, insisting that she was entitled to a larger share of appellee's estate.

It is conceded that appellant is an able-bodied, healthy man, about 30 years of age, amply capable of making a substantial living for himself and his family. By the terms of the judgment he was freed of any further obligation to appellant, with 1,115 acres of Uvalde county land, on which there are incumbrances of approximately $11,000. The land has suitable dwelling houses upon it, and 415 acres of it are in cultivation and tenanted. On the other hand, appellant has no property other than that awarded her in the judgment, which is burdened with a debt of $1,285, bearing 8 per cent. interest; she has no means of support; has had no business experience, and is prepared for no vocation except that of housewife. If this were all that could be said with reference to the relative situation of the two parties, this discussion would end here with an order of affirmance of the property adjustment.

The parties were married in July, 1924. At that time appellant was 17 years old, according to a calculation based upon her testimony that she was 21 at the time of the trial. Eleven months after their marriage she bore appellee a daughter, who is now 4 years old, and at the time of the trial appellant was pregnant with a second child begotten by appellee, due to be born in February following the trial. It is asserted in appellant's brief, and conceded by silence thereon in appellee's brief, that the expected event has now transpired, and that the second child, another daughter, is living. So, instead of being freed, by the judgment appealed from, of further obligations occasioned by that unhappy union, appellant, a 21 year old girl, untutored, untrained, inexperienced in business or other lucrative avocation, is burdened with the custody and care of these two utterly helpless children, with no time or means of supporting herself, and with no property other than her household furniture and a few town lots incumbered with a heavy interest-bearing debt. It is true that she had no property when she entered that union, but she had youth, intelligence, and freedom, and with these attributes any average American girl can, as millions of them do, make and maintain a secure place in the world. She still has her youth, her intelligence, but she surrendered her freedom to appellee when the two entered upon the joint adventure of establishing a home and rearing a family. As a natural consequence of that union she bore him children, and although he has put her away from him and terminated the union, she is still a slave to its natural consequences, the burden of which will rest upon her for years to come. His responsibility for those consequences is fixed, and he ought not to be permitted to escape his share of the burden resulting from them.

The judgment appealed from provided that appellee pay appellant $50 per month for the maintenance and support of the minor daughter, and of course the matter of the maintenance and support of the two children remains within the control of the trial judge, who may readjust appellee's liability thereunder from time to time as changing conditions may require. Appellant does not appear to question the reasonableness of the

allowance made to her for this purpose by the trial court.

But what of the position in which appellant herself is left, with reference to maintenance and support, while burdened with the care and custody of her two babies? It is obvious that if she gives them the care and attention to which they are entitled, and which the laws of nature and the natural dictates of mother love exact of her, she will have no time or opportunity or efficient thought to go out into the world and contest with others, not so handicapped, for the means with which to support and maintain herself while rearing her children. It is true, of course, that many courageous women so circumstanced, by their own efforts alone, do support themselves and their children as well, but they ought not to be compelled to do so, and are not usually required to do so, while others equally responsible for their situation and amply able to share their burdens are permitted to go free of liability.

A year or so before their separation the parties made their home upon a 242-acre tract of appellee's lands; it became their homestead. This tract has a dwelling house upon it, and 175 acres of it are in cultivation and rented out on shares. It is our opinion that because of the admitted facts in the case appellant has earned and is clearly entitled to an equal share with appellant in the fruits and revenues of this homestead during her natural life, unless she marries again, in which event her interest should of course terminate. Article 4638, R. S. 1925; Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21.

Accordingly, it is ordered that the judgment be reformed and, in addition to the property adjudicated therein to appellant, that she have judgment vesting in her an undivided one-half interest in and to the second tract of land described in the judgment of the court below, and the improvements thereon, during the term of her natural life, subject to her remarriage, in which event her said estate shall fully terminate; and as so reformed, said judgment is affirmed, at the cost of appellee.