## CLARK v. CLARK.
### No. 950.

Court of Civil Appeals of Texas. Waco.
Nov. 20, 1930.

Rehearing Denied Feb. 12, 1931.

Collins & Martin, of Hillsboro, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

190

## BARCUS, J.

Appellee instituted this suit against appellant for a divorce. In addition thereto, appellee alleged the only property she owned individually was a small house in Louisiana that was producing a gross revenue of $25 per month; that appellant owned about $35,-000 or $40,000 worth of unincumbered property; that she was not able to engage in any business; that neither she nor appellant had any children dependent upon them. She asked that the trial court appoint a trustee to take charge of all of appellant's property for the purpose of renting and supervising same, and that the net revenue derived therefrom be divided equally between her and appellant. Appellant answered and filed a cross-action against appellee, in which he asked for a divorce.

The cause was tried to the court, and resulted in judgment being entered granting appellee the divorce. The court in its judgment found that appellant owned $2,700 of vendor's lien notes bearing interest, and owned a business house in the city of Hillsboro which is being rented, and that appellee had $300 in cash and a small house in Louisiana, from which she received an annual net income of about $150, and then said judgment, which is dated November 22, 1929, contains the following: "And it appearing to the court that as a matter of right and justice, the defendant should contribute out of his separate property to the support of plaintiff at least the sum of $25.00 per month, which said contribution should begin as of date December 1, 1929, and so continue at least during the widowhood of plaintiff and until further ordered by this court in full of all property rights herein; and it further appearing to the court, and the court so adjudges and decrees that to secure said payments regularly as and when they mature on the 1st day of each and every month hereafter, the plaintiff should have and there is hereby decreed to her a lien on all the rents, revenues and income of the property of the defendant hereinabove described, and a lien is impressed thereon in her favor; and that upon the failure of the defendant to pay any of said monthly installments as and when the same mature the defendant (plaintiff) should have the right of foreclosure and the same is hereby accorded her."

Appellant contends that the judgment for the divorce granted appellee is not supported either by the pleadings or proof. The pleadings of both parties are very voluminous. Each of them was asking for a divorce. The testimony is full, and each testified at length. It would serve no useful purpose to attempt to state the substance of either the pleadings or proof. We think the pleadings and the evidence are sufficient to support the judgment for the divorce. Arendale v. Arendale (Tex. Civ. App.) 22 S.W.(2d) 1080; Hickman v. Hickman (Tex. Civ. App.) 20 S.W.(2d) 1073. Said propositions are therefore overruled.

Under various assignments and propositions, appellant contends that the judgment of the trial court in effect renders a personal judgment against him, and that said judgment has fixed a lien on his real estate, and that to said extent said judgment is erroneous. We overrule these propositions. Taking the judgment in its entirety, we do not think appellant has placed a proper construction thereon. As appellee in her brief interprets said judgment, and which interpretation we think is correct, it provides, in substance, that out of the rents and revenues produced from appellant's separate property there shall be paid by appellant to appellee the sum of $25 per month. The judgment left said property in the hands of appellant to be handled by him instead of appointing a trustee to take charge thereof, and out of the rents and revenues he is to pay to appellee, during her widowhood, the $25 per month therefrom.

It seems now to be the settled law of this state that under the provisions of article 4638 of the Revised Statutes, the trial court, in granting a divorce, can, for the purpose of doing equity, subject the income, rents, or revenues of all real estate belonging to one spouse to the support of the children or the other spouse. Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21, 22; Milburn v. Milburn (Tex. Civ. App.) 254 S. W. 121; Hughes v. Hughes (Tex. Civ. App.) 259 S. W. 180 (writ dismissed); Helm v. Helm (Tex. Civ. App.) 291 S. W. 648; Farris v. Farris (Tex. Civ. App.) 15 S.W.(2d) 1083; Saylor v. Saylor (Tex. Civ. App.) 20 S.W.(2d) 229; Sneed v. Sneed (Tex. Civ. App.) 296 S. W. 643. In Hedtke v. Hedtke, supra, the Supreme Court, in answer to certified questions, held specifically that the trial court could, in granting a divorce, place the wife in possession of real estate owned by her husband and permit her to enjoy all of the rents, revenues, and income therefrom during her lifetime, and in a discussion thereof uses the following language: "For the purpose of doing equity, the court may award all the personal property to either spouse, and may subject the income, rents, or revenues of all real estate, belonging to either or both of the spouses, to the support of either or both of them, or to the education and support of the children."

Unquestionably, under the holding of the Supreme Court in the Hedtke v. Hedtke Case, supra, and the other authorities which have followed same, the district court, in granting a divorce, may decree that the rents, revenues, and income from the separate property of one spouse shall be used for the support of the other.

In order that there may be no misconstruction or misunderstanding of our opinion, that

portion of the judgment above copied is hereby changed so that same shall read as follows: "And it appearing to the court that as a matter of right and justice the defendant should contribute out of his separate property to the support of plaintiff at least the sum of $25.00 per month, which said contribution should begin as of date December 1, 1929, and so continue at least during the widowhood of plaintiff or until further ordered by the court, in full of all property rights herein, it is therefore ordered, adjudged and decreed by the court that the defendant is left in charge and control of all his separate estate, but he shall pay to the plaintiff out of the rents, revenues and income derived therefrom the sum of $25.00 monthly, said monthly installments to be paid beginning with the 1st of December, 1929."

Appellant's contention that the judgment of the trial court awarding appellee $25 per month from the rents, revenues, and income of his separate property is inequitable and unjust is, we think, without merit. The record shows that appellant has $2,700 of vendor's lien notes which are bearing interest, and in addition thereto a business house in Hillsboro which is being rented for $125 per month. As against this it is shown that the only property appellee has is a small amount of cash and a small house in Louisiana, which rents for $25 per month, and out of which she must pay the taxes and upkeep. The record shows that, at the time appellant and appellee were married, they had each been married prior thereto, their respective spouses having died, and that each of said parties were well along in life, and that neither of them had any children dependent upon them.

We have examined all of appellant's propositions, and same are overruled, and the judgment of the trial court is affirmed.