## HOUSEWRIGHT et al. v. HOUSEWRIGHT.

### No. 12431.

Court of Civil Appeals of Texas. Fort Worth. July 18, 1931.

Rehearing Denied Sept. 19, 1931.

P. Walter Brown and C. W. Goerte, both of Fort Worth, for appellants.

Elton M. Hyder, of Fort Worth, for appellee.

CONNER, C. J.

This suit originated in one instituted by Beulah Housewright against A. C. Housewright and wife, in which she alleged that she owned an undivided one-half interest in fee and a life estate in the other one-half of lots 5 and 6, in block 27 in the Fairmount addition to the city of Fort Worth. She further set forth certain liens and needed repairs on the house situated on the premises, which it was charged defendant A. C. Housewright refused to provide for, and she prayed for a partition of the property, or if incapable of partition, that the property be sold and that she receive the value of her interest out of the proceeds.

The defendant A. C. Housewright, joined by his then wife, Mary A. Housewright, answered by a general denial, but specially admitted and agreed that the "plaintiff is entitled to a partition of said real estate described in plaintiff's petition, that is, lots 5 and 6 in Block 27, in Fairmount Addition to the City of Fort Worth, and that the same should be granted and said property divided."

The defendants, by way of a cross-action, further specially alleged that about September 29, 1927, A. C. Housewright was granted a divorce from the plaintiff Beulah Housewright, alleging in substance that in the decree therefor the plaintiff had been adjudged the use and occupancy of the lots mentioned, upon which was situated their homestead and which was owned by them in community, together with the household effects; that he was the community owner of one-half of said property; that the property was incapable of partition. He further set up certain indebtedness for taxes, liens, attorney's fees, etc., for which he prayed to be reimbursed out of the proceeds of the property when sold.

The trial was before the court without a jury and resulted in a judgment in the plaintiff's favor in accord with the disposition made of the community property of the parties by the divorce decree, and the defendants have duly appealed.

The trial court filed conclusions of fact and law, which we have concluded sustains his judgment, and but two material questions are presented by appellants' assignment of error:

First, can appellants in this case, which was one for partition, set aside as void the divorce decree on the ground that the court was without power to grant the divorced wife, Beulah Housewright, the right to continue to occupy and use the homestead and household and kitchen furniture during her lifetime or until she remarried, notwithstanding the fact that there were no children of the marriage or other constituent member of the family?

Second, does the record sustain appellants' contention that the judgment from which this appeal has been taken should be set aside on the ground that at the time of its entry neither appellants nor their counsel were present or offered testimony?

■■ That the decree of divorce, which without dispute has never been set aside, is, in this undoubted collateral action, conclusive of the respective rights of Beulah and

A. C. Housewright in the property owned by them at the time, must be assumed without the citation of authority. Indeed, it was admitted by the able counsel for appellants on the submission that unless, as is contended, the divorce decree is void in the strict sense of that term, on the ground that the court was wholly without power to vest in Beulah Housewright the right to occupy and use the homestead and household effects during her life or until she remarried, including A. C. Housewright's community interest therein, appellants had no standing in court. That this may be done seems to be settled contrary to appellants' contention by the decision of our Supreme Court in the case of Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21. It is there said, quoting from the headnotes: "The court, in decreeing a divorce at suit of the wife which awarded her custody of minor children, was authorized, by article 4634, Revised Statutes, to award the wife and minor children the use as a homestead of land, the separate property of the husband, for the natural life of the wife."

We are not prepared to hold that the fact that the rule so announced is only applicable, where, as in the Hedtke Case, minor children of the spouses exist, for in the later case of Clark v. Clark, 35 S.W.(2d) 189, 190, by the Waco Court of Civil Appeals, writ of error dismissed July 8, 1931, the Hedtke decision was distinctly followed and applied notwithstanding the fact that no children were involved. After referring to the Hedtke and other cases following it, the court concluded by saying: "Unquestionably, under the holding of the Supreme Court in the Hedtke v. Hedtke Case, supra, and the other authorities which have followed same, the district court, in granting a divorce, may decree that the rents, revenues, and income from the separate property of one spouse shall be used for the support of the other."

■■ Nor do we think we can disturb the judgment below, as is urged, on the ground that neither appellants nor their counsel were present or offered evidence at the time the judgment below was entered. We have carefully read the evidence offered on the hearing of appellants' motion for a new trial on the grounds stated, and think it sufficient under well-settled rules to support the trial court's conclusions of fact relating to the subject. The evidence shows, and the court finds, that the decree of divorce between Beulah and A. C. Housewright was offered in evidence; that counsel for the respective parties "in open court agreed that none of said property was capable of partition in kind and that the appointment of a commissioner was an unnecessary expense, and in open court agreed that said property should be sold as under execution and that

judgment was rendered herein based on said statement and agreement on the part of said attorneys in open court on the trial of said cause." The court further finds that "after the agreements had been made as hereinabove set forth, that all parties rested their case and the court requested Elton M. Hyder, attorney for Beulah Housewright aforesaid, to draw up a judgment in this case." The evidence and findings further show that Mr. Hyder prepared the judgment, submitted it to opposing counsel in ample time for objection; that no objection was urged; and that upon the hearing for a new trial no offer of evidence was made in behalf of appellants other than that at the time the judgment was entered neither appellants nor their counsel were present or offered evidence. The record further shows that at the time of the agreements referred to, the decree of divorce was offered and read in evidence and no application at any time was made in behalf of appellants for delay to secure testimony, nor was any defense suggested other than that the decree of divorce was void as before stated. The court undoubtedly had jurisdiction of the parties and subject-matter, and upon the hearing of the motion for new trial some showing of a defense to the action was required, for, as has often been held in similar cases, it would be idle to set aside a judgment and be later required to enter the same decree on the undisputed facts and agreements of the parties.

■ The further contention that the court's conclusions of fact cannot be considered is without merit for several reasons. It is true that the conclusions appear not to have been filed within the time required by the statute after the written request therefor had been filed (Rev. St. 1925, art. 2247), but no bill of exception appears to have been taken to the failure, nor does it appear that the court's attention was called to the written request; on the contrary, it is stated in the court's conclusion that the court's attention was not called to the request. See Texas Jur. vol. 3, § 356, p. 508. Moreover, there is a statement of the evidence introduced on the hearing of the motion for a new trial which supports the judgment.

■ Appellants at no time, as before stated, offered evidence in support of the relief prayed for in the cross-action, nor was there at any time complaint made of the failure of the judgment to dispose of appellants' cross action by direct reference, hence it will be implied that the cross action was waived. See Humble Oil & Refining Co. v. Johnston (Tex. Civ. App.) 5 S.W.(2d) 836.

We conclude that the trial court's findings of fact and of law should be adopted, and the judgment affirmed.