## BAGBY v. BAGBY.

### No. 5666.

Court of Civil Appeals of Texas. Amarillo.

Feb. 26, 1945.

W. T. Link, of Clarendon, for appellant.

Bert King and Arch Dawson, both of Wichita Falls, and J. R. Porter, of Clarendon, for appellee.

PITTS, Chief Justice.

Appellee, Dalene Bagby, sued appellant, George Bagby, for a divorce, property settlement, and attorney fees. Appellant answered with a general denial, a cross-action for a divorce, a request for the partition of the community property, and the setting aside of his separate property and filed an inventory of community and separate property. The trial court temporarily enjoined appellant from encumbering the property or disposing of any of it but authorized him to continue to conduct his agricultural, livestock and insurance businesses. The trial court also appointed an auditor to audit the accounts and vouchers and list the property belonging to the parties and report fully on receipts and disbursements to the court, and a full report of the same was filed by the auditor.

The case was tried on October 5, 1944, to a jury which found appellee entitled to

a divorce, $1300 to be a reasonable attorneys' fee for appellee and that the reasonable cash market value of the community property was $25,544.17. The jury made further findings which we do not consider material to this appeal.

The trial court overruled appellant's motion for judgment and entered a judgment on October 26, 1944, granting appellee a divorce, awarding her one of the automobiles, as well as the household and kitchen furniture, and charged against appellee's interest in the community property the sum of $2,000 for the household and kitchen furniture as a fair value of the said furniture, gave appellee the right to occupy as a homestead the place located in Clarendon, Texas, for a period of fifteen years, unless she should sooner remarry, and required her to pay all taxes and keep the property insured during her occupancy of it. The trial court awarded the remainder of the community property to appellant and directed him to pay appellee the sum of $13,118.02 in money for her interest in that part of the community property awarded to appellant. The judgment also directed appellant to pay appellee an additional sum of $1,300 as a reasonable attorney fee for the attorneys who represented her at the trial of the case, and dissolved the injunction previously granted and denied any and all rights not therein expressly granted.

Appellant filed a motion for a new trial, which motion was overruled by the trial court, and an appeal was perfected to this court by appellant on the property adjustment and attorneys' fee only, and he executed a supersedeas bond. Appellant did not appeal from the trial court's order granting appellee a divorce and makes no complaint about that part of the trial court's judgment and that issue is not before this court.

Appellee has presented to this court some cross-assignments which we do not consider it necessary to pass on in view of the disposition we are making of this appeal.

■ Appellant complains that it was fundamental error for the trial court to award to appellee the use of the homestead for fifteen years unless she sooner remarried and to award to her the household and kitchen furniture because there were no pleadings and no jury findings to support either award and he further complains that it was fundamental error for the trial

court to award appellee a money judgment for more than $12,772.09, or one-half of $25,544.17, which sum the jury found to be the value of the community property.

Among other pleadings, appellee alleged that considerable property had been accumulated by her and appellant during their marriage, but that she was not fully informed about the amounts and values of such property except for the household and kitchen furniture and two automobiles, a Packard and a Chevrolet; that she had been told about the home and the farms which she listed and about other property, a part of which she believed to be appellant's separate property; that she did have a community interest in certain livestock, insurance policies, insurance business, improvements placed on the farms, crops grown during the years 1943 and 1944, and other valuable property about which she had never been fully informed, but about all of which appellant was fully informed. She asked that appellant be required to make a full disclosure of all the property and that she be awarded whatever she was entitled to under the rules of law and equity in such cases, together with a reasonable attorneys' fee.

Appellant answered with a general denial but alleged that in a proposed property settlement he had agreed to give appellee in case a divorce was granted "the Packard automobile, the household and kitchen furniture, and the home place, both the lot and house thereon situate in Clarendon, Texas." Appellant filed inventories showing the community property, as well as his separate property, making them a part of his pleadings, and prayed for the approval of his alleged property settlement and, in the alternative, for an equal division of the community property.

■ We believe appellee's pleadings support the trial court's judgment about which appellant complains. But it is a well-established rule in this state that facts pleaded by the adverse party are available to either party in support of a cause of action or judgment. Shaw, Banking Com'r, v. Borchers, Tex.Com.App., 46 S.W.2d 967; American Nat. Bank of Wichita Falls et al. v. Haggerton, Tex.Civ.App., 250 S.W. 279, and authorities there cited. It is likewise a well-settled rule that, under the provisions of article 4638, the trial court has authority to construe the pleadings of the parties in a division of property in a di-

vorce case more liberally than in other civil cases. Fain v. Fain, Tex.Civ.App., 6 S.W.2d 403; Caywood v. Caywood, Tex. Civ.App., 290 S.W. 889, and authorities there cited. For these reasons we believe the pleadings support that part of the judgment about which appellant complains if appellee's pleadings alone are insufficient and we therefore overrule appellant's complaints about the insufficiency of the pleadings.

The record reveals that the parties were married on May 23, 1937, when appellant was 37 years of age and appellee was 23 years of age; that they separated on or about May 14, 1943; that no children were born to the marriage; that appellee was a school teacher at the time of the marriage and had no separate property other than her personal effects; that appellant owned as his separate property at the time of the marriage the home they occupied during their married life in Clarendon, Texas of the value of $6,000; a farm of 300 acres in Donley County of the value of $6,750; a farm of 210.7 acres in Donley County of the value of $7,875, on which $5,500 of the purchase price was paid by the parties during their marriage; one-half interest in a farm of 200 acres in Fannin County, Texas and a one-half interest in 250 acres of timbered land in Red River County, Texas, which interests in the latter two tracts were inherited; and that he owned certain personal property. The record discloses that considerable improvements were placed on the Donley County farms during the marriage of the parties. The record also reveals that appellant engaged in a very profitable life insurance business during the marriage. The auditor's report shows that his life insurance commissions during the marriage amounted to $55,-446.46. The record further reveals that a part of the community estate consisted of 110 shares of stock in the United Fidelity Life Insurance Company of the value of $3,512, of war bonds of the value of $1,387.50, and that there was an accrued cash value of $1,458 on appellant's life insurance policies during the marriage.

The record in the case is quite voluminous. The auditor's report covers 28 pages, listing all of the separate and community properties, as well as all receipts and disbursements during the marriage. Appellant filed four lengthly inventories showing the net value of the community estate to have been $22,843.17 on June 8, 1943, to have been $20,838.68 on February 21, 1944, to have been $18,754.12 on June 28, 1944, and to have been $16,444.39 on September 28, 1944. From the variations found in the several inventories filed by appellant, and from his own testimony given at the trial at length, covering 163 pages in the statement of facts, it is evident that he could not determine very satisfactorily the values of some of the items composing the community estate belonging to himself and appellee. Then certainly, it must have been difficult for the jury and the trial court to determine very accurately the values of some of the property composing the community estate.

The jury made a finding as to the reasonable cash market value of the community property but it made no finding as to how the property should be divided and it was not asked to make such a finding. Appellant contends that it was within the province of the jury to make a division of the property between the parties; that its findings would have bound the trial court, and that the trial court committed fundamental error in proceeding to make what it considered an equitable disposition of the property and to determine the rights of the parties in making such a division without support so to do from the verdict of the jury and that it was fundamental error for the trial court to award appellee more than one-half of the value of the community property as found by the jury.

Such contentions made by appellant are not supported by the general rules of the law in Texas. Article 4638, Revised Civil Statutes, charges the trial court, and not the jury, with the responsibility of making "a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party." In the case of Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, the Supreme Court clearly states the rule that the matter of designating a homestead right in such cases is not a jury question but one for the court to determine; that the court is charged with the duty of making a division of the estate between the parties, whether homestead in character or otherwise, and whether community property or separate property, in such a way as to it may seem just and right, having due regard to the rights of each party, pro-

vided neither party is divested of title to real estate and that the trial court is invested with the power to exercise wide discretion in making such a division and that the exercise of its discretion in such matters will not be disturbed in an appeal unless it is shown that such a division is manifestly unjust and unfair.

In the case of Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313, the Supreme Court said:

" * * * under this statute the division of the property does not 'have to be equal. The court can be controlled by what the facts may lead him to believe is just and right. In fact, this divorce court in this divorce action, as between these spouses, can go to the extent of decreeing a trust upon the separate estate of the husband for the benefit of the wife. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Milburn v. Milburn, Tex.Civ.App., 254 S.W. 121; Hughes v. Hughes, Tex.Civ.App., 259 S.W. 180; Kirkwood v. Domnau, 80 Tex. 645, 16 S.W. 428, 26 Am.St.Rep. 770; Helm v. Helm, Tex.Civ.App., 291 S.W. 648; Farris v. Farris, Tex.Civ.App., 15 S.W.2d 1083."

■ The rule has been frequently announced that the trial court is not bound by the verdict of the jury in dividing the estate of the spouses in a divorce case. Such a verdict is advisory only and the trial court may in its discretion disregard the jury findings and divide the estate in such a manner as seems just and right under the facts as they may appear to the court. Hamm et al. v. Hamm, Tex.Civ. App., 159 S.W.2d 183; Baker v. Baker, Tex.Civ.App., 104 S.W.2d 531; Fain v. Fain, supra; Becker v. Becker, Tex.Civ. App., 299 S.W. 528; 15 Tex.Jur. 582, sec. 107, and 609, sec. 125. The same rules apply even if there be no minor children involved in the case. Ex parte Scott, supra; Housewright et al. v. Housewright, Tex. Civ.App., 41 S.W.2d 1071; and Clark v. Clark, Tex.Civ.App., 35 S.W.2d 189.

It has been held that an issue of whether the property involved is community or separate property is a jury question, but that is not an issue in the case at bar.

In the instant case the trial court sets out in its judgment the findings of the jury and further states, "On this date, after hearing full argument by both sides and in considering of said verdict, the uncontradicted evidence in the case, and all the factors involved, it seems to the court just and right to both the parties, that the property division between them should be as follows, and it is so ordered, adjudged and decreed," after which it proceeded to render judgment as heretofore set out.

■ In the instant case the record discloses that appellee had no property other than her interest in the community estate and that she had taught school only one year before her marriage; that she had had little business experience and that her ability as a business woman was limited while appellant owned a considerable separate estate in addition to his community estate and that he was a man of good business ability and was in the prime of life. In dividing a community estate in such cases, the trial court may take into consideration any disparity between the business opportunities, capacity and ability of the parties. Liddell v. Liddell, Tex.Civ.App., 29 S.W.2d 868; Farris v. Farris, Tex.Civ. App., 15 S.W.2d 1083; and 15 Tex.Jur. 584, sec. 107.

■ It is our opinion that the trial court acted within its lawful authority and did not abuse its discretion in awarding appellee the household and kitchen furniture, in setting aside the homestead for appellee, and in making a further division of the remainder of the community property, and appellant's complaints to the contrary are overruled.

■ Appellant contends that the trial court committed fundamental error in rendering judgment for appellee without a motion to set aside the jury verdict or for judgment non obstante verdicto, but, for the reasons already stated, we overrule such contention, and cite the additional authority of Turman v. Turman, Tex.Civ. App., 99 S.W.2d 947.

■ Appellant complains because the trial court did not submit to the jury the questions of appellee's good faith and the probable cause for a divorce. But the jury found appellant guilty of excessively cruel treatment toward appellee of such a nature as to render their further living together insupportable and the trial court rendered judgment for appellee for a divorce on such a finding, from which part of the judgment appellant makes it very clear that he did not appeal and about which he does not complain. We therefore believe appellant has failed to show

any reversible error, if any error at all, in such complaint and it is therefore overruled.

Appellant complains that the trial court erred in refusing to submit to the jury the question of whether or not appellee first employed another and different attorney from any of those who represented her at the trial and charged further that the trial court erred in allowing appellee $1,300 attorneys' fee for the attorneys she later employed to represent her.

Appellant testified in effect that on May 10, 1943, he made an appointment with an attorney in Amarillo to see him the next day; that on the next day he and appellee drove to Amarillo and visited the attorney in his office; that he told the attorney why they were there; that he furnished the information for the filing of a divorce suit against himself by his wife; that he paid the attorney one-half of a $350 fee on that date and the remainder of the fee at a later date for representing his wife in the divorce action, and that the attorney filed the petition for a divorce for his wife on May 14, 1943. On cross-examination appellant testified that he wanted his freedom and took his wife to the Amarillo attorney so she could sue him for a divorce; that he wanted a divorce but wanted his wife to get the divorce. Appellee testified in effect that she did not know they were going to see an attorney when they went to Amarillo; that she had nothing to do with the employment of the Amarillo attorney, who was not an attorney of her choice when she finally selected attorneys to represent her; that she did not have the Amarillo attorney file a suit for her; that she did talk to him later, after which she employed the attorneys who did represent her at the trial; and that her said attorneys filed pleadings upon which she based her cause of action at the trial. The record reveals that the Amarillo attorney was out of the case before appellee's attorneys who filed her pleadings and represented her at the trial were employed. The record also reveals that proof was made of the work done by appellee's attorneys who tried the case and that the jury was asked what would be a reasonable attorneys' fee for her attorneys, Ralph Porter, Bert King, and Arch Dawson, the attorneys who tried the case, to which inquiry, it answered $1,300. Such finding by the jury is amply supported by the evidence and we find no

basis for deducting the $350 appellant voluntarily paid to the Amarillo attorney from the $1,300 awarded appellee by the court for the services of her attorneys, Porter, King and Dawson. We find no evidence of probative force to support the claim that the Amarillo attorney was chosen by appellee to represent her or that she employed him to represent her. We think the trial court properly refused appellant's requested issue inquiring if appellee employed the Amarillo attorney to represent her.

Appellant contends that the trial court abused its discretion and erred in refusing to give him credit for the alimony he had paid to appellee prior to the date of the trial court's judgment making a division of the property and to charge the same to appellee's part of the estate. We do not agree with appellant's contention for the reasons that the record discloses and appellant admits that such payments were voluntarily made by him pending the trial of the case without an order from the trial court and that both his living expenses and the voluntary payments made by him to appellee for her living expenses for such a period of time came out of the community estate. Since appellant voluntarily supported appellee while the suit was pending, such cannot be classed as alimony, however, it would not have been an abuse of discretion if the trial court had granted alimony during such period and charged it to the community estate. Alimony is not in the nature of a debt for the collection of which an execution may issue but it is a duty and the order for such may be enforced by contempt proceedings. Beeler v. Beeler, Tex.Civ.App., 218 S.W. 553; Ex parte Davis, 101 Tex. 607, 111 S.W. 394, 17 L.R.A.,N.S., 1140.

Appellant complains because the trial court refused to allow credit for alimony paid to appellee by appellant pending this appeal.

The record discloses that on October 26, 1944 and after the trial court had rendered judgment on the merits of the case it entered an order directing appellant to pay to appellee for her support $75 per month pending appeal, as is authorized by article 4637, Revised Civil Statutes and under the rules stated by the Supreme Court in Ex parte Scott, supra, and Ex parte Hodges, 130 Tex. 280, 109 S.W.2d 964. The order of the trial judge does not

708

state against whose property such payments may be charged and it therefore appears that he has not yet passed on the issue presented to this court. It is presumed that the law will be followed in making a final disposition of the matter.

 The record reveals that the Packard automobile and the household and kitchen furniture have been awarded to appellee, together with the exclusive right to use and occupy, or rent, as she desires, the homestead, which is a duplex, and that she had been occupying the homestead and using the furniture by mutual agreement since the separation. It is presumed that she has continued to occupy the homestead and is in possession of all of the said property awarded her pending the appeal. The trial court awarded the remainder of the community property to appellant and gave appellee a money judgment against appellant for her share of the remainder of the community estate in the sum of $13,118.02. Appellant has not paid the $13,118.02, but has executed a supersedeas bond and is in possession of the remainder of the community estate pending appeal. But, under the order of the trial court, he is entitled to the remainder of the community estate and is liable to appellee only for the money judgment, assuming that she is in possession of the property awarded her. No appeal has been perfected from the issue of divorce granted appellee and that issue is not before this court. It has been held, however, that a decree appealed from by supersedeas does not become final nor effective until the cause of action has been finally terminated. Williams v. Williams, 60 Tex.Civ.App. 179, 125 S.W. 937. Appellee's money judgment for $13,118.02 is bearing six percent interest, the legal rate of interest, since the date of the trial court's judgment, which figures $65.59 per month.

It has been held in the case of Williams v. Williams, supra, and the rule followed in the case of Hughes v. Hughes, Tex.Civ. App., 259 S.W. 180 (writ dismissed in both cases), that alimony granted to a woman who has no separate property pending appeal in a divorce case should be charged against her interest in the rents and revenues of the community property so long as such interest will care for it. But if the amount paid as alimony exceeds her interest in the rents and revenues of the community estate, the excess should be paid by the husband and should not be made a special charge against her interest in the corpus of the community estate.

 Since appellee has been awarded a part of the community property and is presumably in possession of the same, and since the trial court's judgment awards appellant the remainder of the community estate and gives appellee in lieu of her share of the remainder a money judgment against appellant for a sum that is bearing interest in the sum of $65.59 per month, we believe it will be proper to charge appellee with the $75 per month paid as alimony pending appeal at the time of a final settlement.

We have carefully examined appellant's assignments of error and the lengthy record but find no reversible errors. The judgment of the trial court is therefore affirmed.