**VENEZIA v. VENEZIA.**

No. 12131.

Court of Civil Appeals of Texas. Galveston.

Feb. 23, 1950.

Merrill & Scott, of Houston, for appellant.

Lewis Fogle, of Houston (now deceased) and Kahn, Branch, Heidingsfelder & Daniel, of Houston, for appellee.

MONTEITH, Chief Justice.

Appellee, Lucy Venezia, brought this action for divorce from her husband, Joseph Venezia, alleging as grounds therefor such cruel treatment as to render their living together as husband and wife insupportable. On a trial before the court without a jury, judgment was rendered granting appellee a divorce and the custody of their two children. In the judgment rendered, the court set aside the revenues from certain separate property of appellant's which had been improved with the use of community funds, for the use of appellee and their minor children for a period of years. The court created a lien on said property in appellee's behalf and provided for its sale at the end of that period of years, in the event a sale became necessary, for the enforcement of the lien.

The trial court prepared and caused to be filed his findings of fact and conclusions of law in which he found on what we deem to be ample evidence that, as a result of injuries inflicted by appellant on appellee, she would probably never be restored to perfect health or be able to engage in gainful employment and that, since she had no source of income except the allowances which were made by the decree of the court in this suit, including the equities resulting from improvements made with community funds on separate property of appellant, and in view of the fact she would probably require additional medical attention in the future, it was necessary that these revenues be awarded appellee for the support of herself and their minor children.

No complaint is made by appellant in so far as appellee was awarded a divorce or the custody of the children. He relies largely for relief from his points of appeal

882

on the alleged error of the trial court in setting aside for appellee's benefit certain of appellant's separate property which had been improved with the use of community funds, for a fixed period of years and in the creation of a lien on the property in appellee's behalf for the alleged reason that this provision of the decree will divest appellant of his separate property in contravention of Article 4638, Vernon's Ann. Civ.St.

Article 4638, V.A.T.S. reads "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate".

The courts of this State have uniformly held that in divorce cases the trial judge has the responsibility of making "a division of the estates of the parties in such a way as the court shall deem just and right having due regard to the rights of the parties and their children if any," and that the court may take into consideration any disparity between the earning powers, the business opportunities, capacity and ability of the parties, and the benefits which the party not at fault would have derived from the estate of the other party through a continuance of their marriage. Hendrick v. Hendrick, Tex.Civ.App., 222 S.W.2d 281; Williams v. Williams, Tex.Civ.App., 171 S.W.2d 530, 531; Puckett v. Puckett, Tex. Civ.App., 205 S.W.2d 124; Liddell v. Liddell, Tex.Civ.App., 29 S.W.2d 868; Farris v. Farris, Tex.Civ.App., 15 S.W.2d 1083; Bagby v. Bagby, Tex.Civ.App., 186 S.W.2d 702, 15 Tex.Jur. 584.

In the case of Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23, the Supreme Court, in construing said Article 4638, and discussing the power vested by this statute in the trial court, said: "The court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and * * *· its action, in the exercise of such discretion, should

be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair."

In the instant case, the trial court, both in his findings of fact and in the judgment rendered, took into consideration, in the settlement awarded appellee, the fact that she was suffering from injuries inflicted on her by appellant and that as a result of these injuries she probably would not thereafter be able to engage in gainful employment.

The trial court in this case arrived at his decision after a thorough hearing of the facts. A consideration of the record convinces us that he did not abuse his discretion in making the awards of the revenues from appellant's separate property for the maintenance and support of appellee and their minor children.

The judgment of the trial court is in all things affirmed.

Affirmed.