BUSH v. BUSH.

No. 6095.

Court of Civil Appeals of Texas. Amarillo.

Dec. 11, 1950.

Rehearing Denied Jan. 2, 1951.

Moses & Truett, McKinney, for appellant.

Abernathy & Abernathy, McKinney, for appellee.

## PITTS, Chief Justice.

This is an appeal from a divorce action in in which appellee, Roberta Bush, was divorced from appellant, W. N. Bush. The parties were each 62 years of age at the time of the trial in November, 1949. They were married on October 28, 1905, and lived together until November, 1948. Two daughters were born to the marriage, both of whom were married at the time of the separation. It was conceded by appellant's attorney in open court that appellant's conduct toward appellee was of such a nature as to render their further living together insupportable as pleaded by appellee and the evidence conclusively establishes the concessions made by appellant. The complaints here most seriously urged concern the property rights of the parties.

The case was tried to the court without a jury on November 23, 1949, but judgment was not rendered until February 18, 1950, at which time appellee was awarded a divorce and a division of the property was awarded by judgment entered as hereinafter set out from which judgment appellant perfected his appeal by first executing a supersedeas bond in the sum of $5000. The trial court found that the parties owned as community property 40.8 acres of land in Wood County, Texas, 85 acres of land in Collin County, Texas, and certain personal property consisting of 32 head of cattle, farming equipment, a pickup truck, an automobile, some feed for stock and some household and kitchen furniture, all of which was ordered

sold because it could not be properly divided in kind and the proceeds were ordered divided equally between the parties after the payment of all taxes due and certain community debts but the court costs and appellee's attorney fee were ordered charged against appellant's share of the proceeds. It was further ordered that appellee be given the first right and chance to buy in the community household and kitchen furniture and that appellant be given the first right and chance to buy in the community farm equipment. The community land was ordered sold because it could not be divided in kind and there was no suitable residence situated thereon for appellee to occupy as a future home. The trial court found that appellee owned no separate property other than a few personal effects. It further found that appellant owned as his separate property a brick building in the town of Allen, Collin County, Texas, 41.4 acres of land in Wood County and 207 acres of land in Collin County from which he was receiving rents and revenue. It further found that appellant owned as his separate property 127.10 acres of land in Collin County on which stood their two-story country home where they had lived for many years. The trial court likewise found that because of appellee's age, culture, refinement and station in life she was entitled to have a future home equally as good as the one she had occupied with her family for so many years. Therefore a life estate in the two-story homestead together with the premises about it was set aside and the use of it awarded to appellee for life unless and until she voluntarily abandons it or remarries. Appellant's occupancy and use of the farm and pasture land on the 127.10 acre home place was not disturbed but in order that appellee might have means for support she was awarded the usual annual ⅓ and ¼ rentals from the farm on the home place, together with a cash judgment for $100 per year payable to her by appellant annually on December 1 of each year for life unless and until she remarries. Appellee was required to pay all taxes as well as for insurance and necessary repairs on the homestead so long as she used it but the taxes, insurance and necessary repairs on the remainder of the

home premises were charged against appellant.

Appellant predicates his appeal upon "one general point" as he denominates it. Such a point is not only general but it is multifarious and does not comply with the rules for briefing. Darling v. Panhandle & Santa Fe Ry. Co., Tex.Civ.App., 209 S.W.2d 660. Nevertheless, because of our liberal indulgence concerning such matters, we will endeavor to determine the merits of the complaints made and consider them. In his single point of error appellant complains that the trial court erred and abused its discretion in granting appellee a divorce without finding and concluding that appellant was guilty of cruel treatment toward appellee such as rendered their further living together insupportable. Appellant should not now be heard to complain about this matter because of the following stipulation made during the trial in open court by his counsel. "I will now stipulate that prior to the separation, as alleged in your Amended Petition, that the defendant's conduct was of such a nature towards the plaintiff as to render their further living together insupportable." It has been held that he is bound by such admission made in open court by his counsel. Cook v. Winter, Tex.Civ.App., 207 S.W.2d 145, and other authorities there cited. However, the matters admitted by appellant's counsel were also conclusively established by the evidence.

In the same point of error appellant likewise complains that the trial court erred and abused its discretion in awarding appellee a life estate unless she remarries in the homestead located on appellant's separate land, together with the usual rentals from the farm thereon; that it erred in ordering all community property sold and the proceeds divided between the parties; that it erred in giving appellee judgment against appellant for the sum of $100 per year; and that it erred in charging appellant with all of the costs in the case.

Article 4638, Vernon's Annotated Civil Statutes, gives the trial court wide discretionary powers in making a division of all property, whether it be separate or community, in a divorce case and its exercise of discretion will not be disturbed on appeal unless its disposition is manifestly unjust and unfair. Hedtke v. Hedtke, 112 Tex 404, 248 S.W. 21; Hughes v. Hughes, Tex.Civ.App., 259 S.W. 180; Hamm v. Hamm, Tex.Civ.App., 159 S.W.2d 183; Bagby v. Bagby, Tex.Civ.App., 186 S.W.2d 702, and other authorities cited by these cases.

This court has held that the trial court in dividing property between parties in a divorce action may take into consideration any disparity between earning power, business opportunities, capacity and ability of parties and benefits which the party not at fault would have derived from the estate of the other party through a continuance of the marriage. Hendrick v. Hendrick, Tex.Civ.App., 222 S.W.2d 281, and other authorities there cited.

In the case of Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313, the Supreme Court said concerning Article 4638, " * * * under this statute the division of the property does not have to be equal. The court can be controlled by what the facts may lead him to believe is just and right." Under the authorities heretofore cited and many others it has been held that although the trial court cannot divest either party of title to real estate, the use and occupancy of the homestead, as any other property, may be adjudged to the wife during her lifetime in a divorce action, even though the homestead is the separate property of the husband. In such cases the trial court may also decree that rents and revenues and income from separate rentals of one spouse may be used for the support of the other. Clark v. Clark, Tex.Civ.App., 35 S.W.2d 189, writ dismissed.

Under the provisions of Article 4641, Vernon's Annotated Civil Statutes, and authorities thereunder cited, the trial court was justified in charging appellant with the costs of the suit.

It is our opinion that appellant has not shown any abuse of discretion on the part of the trial court in the matters heretofore discussed by us and his complaints about them to the contrary are all overruled. However, that part of the trial court's judgment awarding appellee the sum of $100 annually in cash against appellant appears

to a be a personal judgment against him, which appellee's counsel concedes is probably error and not authorized by law. We are inclined to agree with the parties concerning that part of the trial court's judgment but such does not affect the remainder of its judgment. We therefore reform the said judgment by eliminating only that part of the same which attempts to award to appellee a cash sum of $100 annually against appellant and affirm the remainder of the trial court's judgment as rendered. Judgment reformed and affirmed.