## W. W. PEARCE ET AL. *v.* M. L. JACKSON ET AL.

### No. 7514.

1. **Res Adjudicata.**—Children of a former marriage sued in trespass to try title their father's widow and her children. Plaintiffs asserted title through their mother as her separate property. In bar was pleaded a judgment in the District Court in a suit by same plaintiffs and against same defendants for the homestead of the father, including the land sued for, in which the court adjudged that it had no jurisdiction by reason of its being community property, holding that the Probate Court alone had jurisdiction of the matter in controversy. *Held*, such judgment was a defense to the action.

2. **Same—Partition of Homestead in Probate Court.**—In such action was also pleaded in bar partition proceedings in which the 200-acre homestead was partitioned, one-half having been adjudged and allotted to plaintiffs as heirs of the first wife, and the other half to the widow and her children by the second marriage. *Held*, such proceedings were a bar to the action by plaintiffs for that allotted to the defendants. Plaintiffs can not hold the land decreed to them in the partition and maintain a separate action upon the same title against their cotenants for the interest set apart to them.

3. **Immaterial Error.**—Where judgment could not properly have been rendered otherwise, errors in admission of evidence in the trial court become immaterial.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.
No statement is necessary.

*O. L. Lockett*, for appellants.

*S. A. Lumpkin*, for appellees.—As to presumption of community property: Schmeltz v. Garey, 49 Texas, 61; King v. Gilleland, 60 Texas, 271.

As to effect of judgments and decrees of court: McGowen v. Zimpelman, 53 Texas, 480; Heath v. Layne, 62 Texas, 686; Tadlock v. Eccles, 20 Texas, 782; Cannon v. Bonner, 38 Texas, 487.

As to homestead in an insolvent estate: Horn v. Arnold, 52 Texas, 161, and authorities cited.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by the appellants, who were the children of A. C. Pearce by his first wife, A. M. Pearce. After the death of his first wife, A. C. Pearce married again. He died, and his second wife married again, and she is now Mrs. M. L. Jackson. She and her minor children by Pearce were the defendants.

The land in controversy is a tract containing 105 acres. At the time of the death of A. C. Pearce (the husband and father) it was a part of a tract of 200 acres, upon which he resided with his second wife and three minor children by her. The land was conveyed to the husband, A. C. Pearce, during his marriage with his first wife.

Plaintiffs contend, and introduced evidence tending to show, that the land was paid for with the proceeds of money and property received by the first wife from her father and from his estate.

They complain of the rejection of evidence and of the charge given to the jury by the court, which we deem it unnecessary to particularize or to mention, further than to say that we are of the opinion that the court committed such error in both respects as would require a reversal of the judgment were it not for the following considerations:

The defendants pleaded, that the same plaintiffs had previously instituted and prosecuted to a final judgment in the District Court an action of trespass to try title for the same land against the same defendants, and that the final judgment rendered was for the defendants.

They also pleaded, that subsequently, in the County Court, where the administration of the estate of A. C. Pearce was then pending, the said plaintiffs applied for the partition of said 200 acres of land between themselves and the widow and children of the second marriage, and that a decree was accordingly rendered in said court equally partitioning said land between plaintiffs and defendants, by the terms of which the 105 acres now in controversy were awarded to the defendants.

The judgments in the said causes were introduced in evidence by the defendants, and the one rendered by the County Court supported in every particular the allegations in the pleading.

The judgment of the District Court pleaded contains the following recital, to-wit:

"The court, after hearing the evidence and argument of counsel, is of the opinion that the court has no jurisdiction to grant the relief sought for in plaintiffs' petition, the court being of the opinion that the land is not the separate property of plaintiffs' mother. It is ordered, that this cause be dismissed, and that the defendants do have and recover of the plaintiffs their costs," etc.

The only ground upon which plaintiffs assert title in this cause is, that the land was the separate property of their mother; and I can not see any good reason why the judgment of the District Court should not be treated as a final adjudication of that issue, notwithstanding the unusual if not obscure terms in which it was expressed. But be that as it may, we are of the opinion that the judgment of the County Court is binding upon the parties to that proceeding. The pleadings in the County Court are not shown by the record before us, and it may be, when its judgment is considered in the light of the issues made by them, that it was only their homestead interest in the land that was set apart to the defendants. The evidence before us fails to show that the partition was limited in any respect.

As the interest of A. C. Pearce in the land was subject to the homestead rights of his widow and minor children, it was not subject to the partition had in the County Court, and we do not undertake to say that the rights of plaintiffs as heirs of their father are affected by it. But their interest in the land acquired from their mother was subject to such partition, and it is evident that the plaintiffs instituted the

partition proceedings to have set apart to them their interest so acquired. It was necessary to ascertain what that interest was before the partition could be ordered. It was determined to be one-half, and the division was made on that basis. If there was error in the judgment against the plaintiffs, they should have caused it to be revised. They did not do so, and hence are bound by the judgment rendered. They can not hold the land decreed to them in the partition proceedings and maintain a separate suit upon the same title against their cotenants for the interest set apart to them in that suit.

Under the evidence no judgment could have been properly rendered in this cause except for the defendants. It would have been correct for the court to instruct the jury to find for them. As that result was reached, the errors committed during the progress of the trial must be treated as immaterial.

The judgment is affirmed.

*Affirmed.*

Delivered May 6, 1892.