## SIMS v. SIMS.
### No. 9881.

Court of Civil Appeals of Texas. Galveston.
June 8, 1933.

Rehearing Denied June 29, 1933.

Henry E. Kahn, of Houston, for plaintiff in error.

Edgar Soule, of Houston, for defendant in error.

LANE, Justice.

Arthur Alonzo Sims and Ella M. Sims were husband and wife. While living together they legally adopted a minor child to whom they gave the name of Elizabeth Merrill Sims. She was four years of age at the time this suit was filed.

This suit was brought by Mrs. Ella M. Sims against Arthur Alonzo Sims, her husband, for divorce, a division of property, and for custody of said adopted child.

Defendant answered, saying that he would not contest the plaintiff's suit for a divorce; that it is his desire that the community property be equally and fairly divided by the court; that he does not contest the claim of plaintiff with reference to the custody of their adopted daughter, notwithstanding he is devoted to said daughter, as much so as plaintiff, but as he realizes that under the circumstances and the tender age of the child he is not in a position to give her personal care and attention that she should have. However, he will provide her clothing, medical aid, etc., which she might need so long as he is permitted to see and be with her, as he is devoted to her; that he wants to be permitted to visit the child or have her visit him at reasonable hours and upon reasonable occasions, to be determined by the court; that he generally works every day, but usually has Saturday afternoon and Sundays free. He prays to be permitted to have the child with him at reasonable hours on a reasonable number of occasions to be fixed by the court.

Judgment was rendered granting the divorce as prayed for by the plaintiff. The community property was partitioned between the parties. The sole care and custody of the little girl was awarded to the plaintiff; no provision being made for the defendant to see or visit her or to have her visit him. The community homestead was awarded to the plaintiff during her lifetime.

The defendant has appealed, and in his brief before this court presents but two complaints. The first of which is that the court erred in awarding the sole care and custody of the little adopted daughter to the plaintiff, and denying to defendant the right to see and visit her at reasonable times; and the second is that, as the balance of the community realty had been partitioned between the parties in equal undivided parts, it was error for the court to decree to plaintiff a life estate in the homestead, in that the largest estate to which plaintiff was legally entitled to therein was the possession, use, and enjoyment thereof until the minor child, of whom she had custody, reached her majority or married.

We sustain plaintiff in error's first contention. It appears from the testimony of the plaintiff with reference to defendant's attitude toward the little adopted daughter that he was too indulgent, and that by reason of his devotion to the child he failed and refused to discipline her, that is, to chastise her when necessary, and in leaving such duty to be performed by the plaintiff. Her testimony as a whole, we think, reveals the fact that defendant was passionately devoted to the little girl. The rights of the adopting parents under circumstances such as those shown in this case are controlled by rules applicable to natural parents. The testimony in this case shows the child to have been legally adopted, and the affection which was strong enough to prompt this action is suffi-

cient to entitle the parties so acting to the enjoyment of all the rights, as well as obligations, of the correlative duties of natural parents.

█ The right of access to the child by a parent will generally be decreed, unless there are extreme grounds for refusal. Miner v. Miner, 11 Ill. 43; Finley v. Finley (Ky.) 2 S. W. 554; Kane v. Kane, 53 Mont. 519, 165 P. 457, 459.

In Miner v. Miner, it is held: Although a divorce was granted because of the misconduct of the father, and the court ordered the child into the custody of the mother, the child must not be kept wholly aloof from the father, who may still have access to it on reasonable occasions, and any attempt to alienate its affections from either parent is a contempt of court. The court will protect both child and parents in this particular.

In Kane v. Kane it is said: "Unless it can be said with reasonable certainty that the father is morally unfit to associate with the child, the dictates of humanity call for such regulations as will permit him to see his own offspring. 'It must be borne in mind that the tie between parent and child is one of the most binding in human life, one which the law of nature has established. No legislation, no judicial interpretation of legislation, should lightly disregard the reciprocal duties of this relationship.' "

It is not shown by any evidence that there existed any extreme, or any, grounds for refusing the right and privilege of plaintiff in error of seeing and at reasonable times and hours enjoying the company of his adopted daughter, to whom, as all the evidence shows, he was devoted. There is no testimony of any witness which can reasonably be construed as showing that plaintiff in error is morally unfit to associate with his little adopted daughter.

█ While we are unable to agree with the assertion of counsel for defendant in error that there was ample grounds shown upon which to decree a divorce, we are not called upon to discuss that question, as plaintiff in error did not in the trial court oppose the granting of the divorce, nor does he in this court complain of the decree granting it. However, plaintiff in error does complain of so much of the judgment as decreed to defendant in error the use of the homestead for life. He insists that the judgment should be reformed so as not only to permit him to see and visit the little adopted daughter at reasonable times and for reasonable hours, but so as to decree to defendant in error the use of the homestead until the daughter becomes of age or until she marries.

We overrule the last contention. We think it was the province of the trial judge to award to the wife the use of the homestead for her natural life. Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21, 22; Helm v. Helm (Tex. Civ. App.) 291 S. W. 648.

In the Hedtke Case this court certified to the Supreme Court the following question: "Was the trial court authorized to decree plaintiff [the wife] the right to use and occupy as a homestead during her natural life the 100.4-acre tract of land owned by the defendant [the husband] in his separate right?"

The Supreme Court answered such question as follows:

"We answer to the certified questions that the court possessed ample power to award the wife and her minor children the use of the 100.4 acres of land for the natural life of the wife, and we regard this as what was substantially accomplished by the court's judgment; and the facts certified furnish no basis for complaint by the husband that there was any abuse of the court's discretion."

█ Plaintiff in error has asked this court to reform the judgment of the trial court so as to require defendant in error during her use and occupancy of the community homestead to pay the taxes assessed against such homestead.

We refuse such request, as we think it must be inferred from the judgment of the trial court that defendant in error would be liable for such taxes since their payment by her is an incident to her life estate in the property necessary to preserve not only her homestead right but also her one-half interest in the property.

Having reached the conclusion from the facts shown that the trial court erred in adjudging the sole custody of the little adopted daughter to defendant in error, and not awarding plaintiff in error the right to see and visit the little daughter and for her to visit him at reasonable times and hours, the judgment in that respect is reformed so as to adjudge to plaintiff in error the right to see and visit the child and have her to visit him at reasonable times and hours. It being apparent, however, that we are unable here to specifically state what would be the reasonable times and hours for the visits mentioned, therefore such times and hours for such visits must be left to be agreed upon by the parties. If, however, the parties cannot agree, then the district court, looking to the best interest of the child and the rights of the parties, may, upon application of either party, enter an order fixing such times and hours for said visits.

Having reached the conclusions above expressed, the judgment is reformed as above indicated, and, as reformed, the same is affirmed.

Reformed and affirmed.