## WILSON v. KING et al.

No. 14166.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 24, 1941.

Rehearing Denied March 7, 1941.

James R. Wiley, of Denton, for appellant.

A. Q. Mustain, of Aubrey, for appellees.

BROWN, Justice.

L. Z. Wilson, appellant, is the only surviving heir of his parents, F. M. and M. E. Wilson.

On January 27, 1882, one E. D. Ryan obtained title to a tract of 169 acres out of the Martha McBride Survey, in Denton County. The beginning point of the tract, as surveyed, shows to be "at a rock on the

north boundary line of the original survey 750⅓ varas west of the original northeast corner of the survey", and the field notes of the survey disclose that the first call runs west with the north boundary line of the original survey, crossing Big Elm Creek 1065 varas to a stake on the north boundary line, and the second call runs south 903 varas to a stake, the third call runs east 880 varas to the center of said creek and further in all 1050 varas to a stake, and the fourth call runs north 903 varas to the place of beginning.

There is no controversy about this description being good.

Ryan and wife, on January 30, 1882, conveyed a tract of 57¾ acres out of said 169-acre tract to appellant's father, and the deed discloses that this small tract was meant to be all of the 169-acre tract that lies east of Big Elm Creek. The description is by metes and bounds and same is a good description.

Appellant's father, on August 18, 1882, conveyed a 10-acre tract out of the 57¾ acres to J. L. Wilson, who, in turn, conveyed same to G. B. Marshall, who, in turn, conveyed said 10 acres to appellant's father in August, 1900, long prior to the father's demise.

On March 6, 1926, appellant, being the owner of the entire 57¾ acres, by reason of having inherited the same, executed a deed of trust to Schweer, Trustee, for First National Bank of Denton, Texas, to secure certain indebtedness owing to the bank, and the land conveyed is described as: "Being 57¾ acres out of the Martha McBride Survey, lying and situated on the waters of Big Elm Creek in Denton County, Texas, and described as follows, to-wit: Beginning at a rock on the north B. line of the said Martha McBride Survey 750⅓ varas west of the N. E. corner of said McBride Survey and on the west side of a lake 15 varas from the bank of the lake from which a double Elm both prongs marked X bears N. 22 deg. E. 7¾ vrs. and a twin Elm both marked X brs. N. 85½ E. 14¼ vrs.; Thence west with the N. B. line of the said McBride Survey to the center of the channel of said Big Elm Creek; Thence south with the meanderings of the center of the channel of said creek to the S. B. line of 169 acres of land deeded to E. D. Ryan by G. W. Barnett and wife; Thence east along the S. B. line of said 169 acres to the S. E. corner, same being same 57¾ acres deeded to G. W. Barnett and wife, L. H. Barnett, by E. D. Ryan on the 27th day of January, 1882, reference to which deed is hereby made."

It will be observed that the fourth and "closing" call was inadvertently left out of the instrument.

Appellant being in arrears in the summer of 1927, the said bank, owner and holder of the debt and lien, brought suit thereon, and appellant was served with citation in due season, and on November 1, 1927, appellant not having appeared, a default judgment for the debt and foreclosing the lien was rendered.

This judgment correctly describes the 57¾ acres and the fourth and "closing" call appears in the description as is disclosed by the judgment.

An order of sale, containing the said correct description, was issued and executed by the sheriff of Denton County and the said tract of land was sold at public vendue on April 2, 1929, to F. W. Hayden, and the sheriff on that day executed a deed to Hayden, in which a correct description of the 57¾ acres appears.

On November 30, 1935, Hayden conveyed the tract of land to W. W. King, Charlie King and R. L. King.

We gather from the record that appellant Wilson filed the instant suit on November 8, 1938, in which he sues the three Kings named above and alleges that he is the only heir of his said parents, that they owned the said 57¾ acres, which he describes by metes and bounds, and he then details the sale of the 10-acre tract in controversy, as shown above, and the repurchase of same by his father. He then alleges that he is the owner of the said 10-acre tract and is entitled to its possession. His suit is in trespass to try title.

■ The defendants answered formally, as is required, and pleaded ownership of the land through the several conveyances shown, as well as pleas of limitation of 3, 5, 10 and 25 years.

Next, the defendants pleaded the execution by appellant of the aforesaid deed of trust, the suit brought thereon, the judgment of debt and foreclosure, the sale thereunder, the purchase by Hayden, the sheriff's deed to Hayden and Hayden's conveyance to them, and prayed for appropriate relief.

Defendants having so pleaded, the plaintiff—appellant—admitted the execution of the deed of trust but alleged that he only in-

tended by such instrument to give a lien upon 47¾ acres of the said 57¾ acres, and that Schweer (the Trustee in such instrument) being an agent and officer of the said bank, in whom plaintiff reposed full confidence, and to whom the drawing of the instrument was left, fraudulently inserted the description to cover the entire 57¾ acres, instead of only 47¾ acres, as the plaintiff instructed him to do.

Defendants, by trial amendment, denied any fraud on the part of Schweer; alleged that the plaintiff renewed and extended the debt and lien in writing and that such instrument refers to the 57¾ acres conveyed to secure the debt; and they likewise pleaded the statute of limitations of 4 years.

The plaintiff testified, in substance, as follows: That he made the mortgage to the Bank, that he intended to give a lien on only 47¾ acres; that he took the old deed from Ryan and wife to his father, which describes the 57¾ acres, and the deed from his father and mother to J. L. Wilson, which describes the 10 acres in controversy, to Schweer for the purpose of having Schweer draw the deed of trust; that he did not know that Schweer had failed to except the 10 acres when he signed the deed of trust, that he would not have executed same had he known that it claimed to cover the 10 acres; that Schweer told him it was for 47¾ acres; that the land was sold by the sheriff; that he told Mr. Hayden it was going to be sold and plaintiff asked Hayden to buy it in; that he told Hayden he had 10 acres "up next to the road", and that he showed Hayden the line between his 10 acres on the north and the 47¾ acres on the south; also that plaintiff was present at the sheriff's sale.

The cause was tried to a jury and the special issues submitted were answered as follows: (1) that plaintiff intended to include the 10 acres in controversy in the deed of trust he executed to said bank, (2) that when Hayden purchased the land at the sheriff's sale he "had notice that L. Z. Wilson claimed and held title to the 10 acres of land described in plaintiff's petition", (3) that neither King Brothers nor Hayden, nor all of them, have had adverse possession of the 10 acres for 3 years before November 8, 1938, (4) such parties have not cultivated, used and enjoyed the tract for such period of time, (5) and have not had 5 years' adverse possession prior to said date, (6) and they have not cultivated, used and enjoyed the tract for 5 years prior to said date. Issues 7 and 8 were not answered, as they were conditioned upon prior answers.

Plaintiff and defendants moved for judgment, and the trial court rendered judgment for the defendants. The appeal follows.

Appellant bottoms his right to a judgment solely upon the faulty description of the tract of land as same was written into the deed of trust. All of his assignments of error raise this sole issue, and we quote the last assigned error: "(g) The description of the land in the deed of trust, citation and plaintiff's petition in cause No. 10,292 (the foreclosure suit), is fatally defective, because the field notes do not close, and the evidence failed to show a deed to G. W. Barnett and wife, L. H. Barnett, by E. D. Ryan, on the 27th day of January, 1882, and without such showing the reference to that deed was insufficient to complete the description of the land."

Since this suit constitutes an attack by the plaintiff on a judgment rendered against him in cause No. 10,292, we take it that this assignment of error undertakes to assert that upon the trial of the suit for debt and foreclosure of the deed of trust lien, this deed from Ryan to the Barnetts was not introduced in evidence. It was in evidence in the instant suit.

There is nothing in the record to indicate what was and what was not in evidence before the trial court. The judgment shows upon its face that the trial court heard evidence, and the trial court specifically found that the beneficiary bank had a deed of trust lien on the 57¾ acres, which tract is correctly described in the judgment, in the order of sale and in the sheriff's deed.

We do not believe that the authorities relied upon by appellant are applicable to the issue before us.

His authorities may be divided into two classes: (1) such as Farmers Royalty Holding Co. v. Jeffus, Tex.Civ.App., 94 S.W.2d 255, where the conveyance when executed contained no description and made no effort to describe any land—just a conveyance delivered when the description was a blank; and (2) such as Alfalfa Lumber Co. v. Mudgett, Tex.Civ.App., 199 S.W. 337, 338, wherein the instrument purported to convey Lot 5, when the grantor did not own such lot but did own Lot 6.

No such situation is presented to us. Here we have appellant executing a deed

of trust which, on its face, purports to convey a tract of 57¾ acres actually owned by appellant, and the instrument discloses nothing amiss excepting the fact that the fourth and closing call is omitted in the description.

In the suit for debt and foreclosure of the lien the plaintiff bank alleged that Wilson gave it a lien on "57¾ acres out of the Martha McBride Survey lying and situated on the waters of Big Elm Creek in Denton County, Texas, and described as follows, to-wit:" Here follows the description which omits the last call.

In the prayer for judgment for its debt and foreclosure of its said lien on the said lands, the bank ends the pleading, "for such other and further relief, both special and general, at law or in equity, to which the plaintiff may be entitled."

In the Alfalfa Lumber Co. case, supra, the opinion holds: "While the defendant in this case does not pray for reformation of the instruments necessary to establish its title, nor state the facts upon which such relief might be given in the form of a cross-action, yet such facts are specially pleaded in defense, and under the prayer for general relief we should, we think, regard such pleading as sufficient to authorize the reformation of such instruments if defendant would be otherwise entitled to such relief. Aetna Ins. Co. v. Brannon, 99 Tex. 391, 89 S.W. 1057, 2 L.R.A.(N.S.) 548, 13 Ann.Cas. 1020."

Under the authority of the Supreme Court case just mentioned, the trial court, in the foreclosure suit, seems to have been warranted in rendering the judgment in which the land is correctly described.

But there seems to be another good and sufficient reason, in equity, why appellant cannot recover the 10 acres in controversy.

He admits, unqualifiedly, that he intended to convey all of the 57¾ acres except the ten-acre tract, for which he sues. Stating it the other way, that he did, by his deed of trust, intend to convey 47¾ acres out of that tract but that he did not intend to include the other 10 acres. In other words, he admits that the deed of trust created a good and valid lien on the 47¾ acres, but denies that it was ever intended to cover the said 10 acres.

■ When appellant thus admits, by his pleadings and his testimony, that in executing the deed of trust, with the faulty description, he in good faith intended to cover and only to cover 47¾ acres of the tract, does he not then confine his contention solely to the issue of his intention, when he executed the lien? We believe so, and the jury has found that he intended to give a lien on the entire 57¾ acres.

No assignment of error is presented that attacks the verdict. Appellant simply contends that such finding by the jury is immaterial.

We do not think the verdict immaterial, and so hold.

■ As we view this case, appellant is making a collateral attack upon the judgment, on the theory that the judgment is void. We do not think that the judgment of debt and foreclosure is void. At best, this judgment, rendered by a court that had potential jurisdiction of the subject matter, and which is valid, and binding, on its face, is merely voidable in a proper attack.

■ One of the latest expressions on the subject is found in the opinion written by Chief Justice Bond, in the case of Walton v. Stinson et al., Tex.Civ.App., 140 S.W.2d 497, in which a writ was refused. This opinion reiterates the rule that in order for a judgment to be subject to a collateral attack, it must be absolutely void; and if it is merely voidable, it must be assailed by a direct attack. Another late case is Carroll et al. v. McLeod et al., 133 Tex. 571, 130 S.W.2d 277 (Commission of Appeals opinion adopted by Supreme Court).

■■ A well-considered opinion, in the case of Battle v. Wolfe et al., Tex.Civ. App., 283 S.W. 1073, writ refused, reviews many authorities and sustains our conclusions as to the validity of a deed of trust which contains a description that is merely defective, and our further conclusion that, where the objection to the instrument is merely that the description is indefinite, the mortgagor will not be heard to say that he conveyed the property by a description so loose or indefinite that no title could pass upon a foreclosure sale of the property. See 1 Jones on Mortgages, para. 65; Tex. Juri., vol. 29, para. 35, pp. 833–835.

We are of opinion that the mistake in failing to include the closing call, in describing the land, did not and could not deceive the mortgagor. In fact, his contention in the instant suit is that he was deceived only to the extent that the description purported to include the 10 acres for which he sues

and that he never intended to include this tract in the deed of trust. The jury has found against him on such issue.

Finding no reversible error, the judgment of the trial court is affirmed.