The judgment of the trial court is reversed and the cause is remanded.

## HARRIS v. HARRIS.
### No. 11740.

Court of Civil Appeals of Texas. Galveston.

Nov. 1, 1945.

Thomas H. Dent, of Galveston, for appellant.

Peden & Stevens, of Houston, for appellee.

**490**

GRAVES, Justice.

This appeal is from a judgment of the 10th District Court of Galveston County, sitting without a jury, divorcing two middle-aged negroes, who had one five-year-old child and some community property, only, on the petition of the appellee-wife therefor, the cross-action of the appellant-husband for a divorce instead for himself having been denied.

The court further awarded the custody of the child to the appellee, and, pursuant to R.S. Article 4638, Vernon's Revised Civil Statutes of Texas, divided such property between the parties as it deemed just and right, awarding the custody of the child, which was a boy, to the mother, without requiring the father to contribute anything to its future support.

In that decree the judgment did not divest the appellant-husband of his interest in the title to the only real estate the couple owned —that is, their homestead—but merely provided that the wife should thereafter have "the exclusive right to the use and occupancy of the hereinafter described property, same being the homestead of the parties", as her part of the division, she being left with the sole duty and obligation to support the child.

In this court the husband, as appellant, states, in substance, these two claimed points of error for reversal:

"1. The Court did not have jurisdiction to try this case, for the reason that the jurisdiction allegation of the plaintiff's petition fails to aver that 'Plaintiff was an actual bona fide inhabitant of the State for twelve months next preceding the filing of the petition, and had RESIDED in Galveston County for six months next preceding the filing of the petition', and for the further reason that the findings of fact by the Court show that plaintiff had not RESIDED in Galveston County for six months next preceding the filing of the petition."

"2. All property acquired after marriage, except by gift, devise, or descent, is community property, and the beneficial interest of the spouse is equal, and the Court abuses its discretion when it gives two-thirds (⅔) of such estate to one spouse, and one-third (⅓) thereof to the other."

Neither of these contentions—in the state of the record—can be sustained. In haec verba, the appellee's so-challenged petition alleged as follows:

"I. Plaintiff is now and has been for more than one year next preceding the filing of this petition, an actual bona fide inhabitant of the State of Texas, and has been for more than six months next preceding the filing of this petition, an actual bona fide inhabitant of the County of Galveston, Texas.

"II. That plaintiff and defendant were duly and legally married in the City of Galveston, County of Galveston, Texas, on or about the 16th day of March, 1935, and are now, in law, man and wife, though they have ceased to live and cohabit together as such since on or about the 25th day of January, 1945.

"III. That during the existence of the marriage of the parties hereto, there was born to them one child, a boy, Cornelius Harris, now of the age of 5 years.

"IV. Plaintiff would show to the Court that the minor child herein named has, at all times since his birth, remained in the care and custody of the plaintiff herein, and that she desires to have the permanent care, custody and control of said minor child, Cornelius Harris."

Not only did appellant fail to object, or except, in the trial court to this averment, but, as indicated by his cross-action, he so answered the allegations of appellee's petition, thereby invoking the jurisdiction of the court on the merits, and seeking affirmative relief for himself; but he further, in fact, expressly admitted the truth of the quoted paragraph I of the wife's trial petition, denying only her additional averments concerning the other subject matter of the suit.

In this state of the record, it is plain, not only that appellant is in no position in this court to raise such question as to the court's jurisdiction, but, if he were, it could not be sustained, since the quoted residential averment has been held anyway to be tantamount to alleging that she had resided in Galveston County for more than six months prior to the filing of her petition. Rule 90, Texas Rules of Civil Procedure; Prendergast v. Prendergast, Tex. Civ.App., 122 S.W.2d 710; Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704.

As concerns the second point, it is not the law, as in effect therein asserted, that in the exercise of its discretion under cited Article 4638, the trial court must al-

ways award numerical halves of whatever property the parties have to each spouse; on the contrary, in making such a division, the court may take into consideration the relative conditions of the parties, their status as to obligations to meet, such as the sole care of the child, their ability to earn a living, etc.; indeed, that such considerations were regarded, weighed, and balanced in this instance is reflected in these findings of the court in its decree:

"At the time of their separation, plaintiff and defendant had on deposit in joint account in the United States National Bank of Galveston, Texas, the sum of $500.52, and on such date the defendant withdrew such sum and deposited the same to his personal account in the Dickinson State Bank in Dickinson, Texas.

"Plaintiff and defendant owned as community property at the time of the trial of this cause the following: Nine United States War Bonds with the maturity value of $25.00 each; household furniture with a value of approximately $75.00; $500.52 in cash on deposit in Dickinson State Bank; one 1936 Plymouth 2-door sedan automobile; one parcel of real estate, consisting of four 25 foot lots on which is situated a two room house, and which constituted the homestead of plaintiff and defendant * * * The described real estate is situated in the country, and in addition to living thereon, plaintiff and defendant raised chickens and vegetables.

"Plaintiff and defendant are middle aged negroes; plaintiff is afflicted with arthritis, with such resulting disability as to make it difficult for her to gain and retain gainful employment. Her disability is not such as to prevent her from doing housework, gardening and taking care of chickens. The defendant is steadily employed. * * *"

■ "The community property should be awarded to the parties as follows: To the plaintiff Nellie Mae Harris the sum of $300 in cash, the household furniture and the right to the exclusive use and possession of the real estate described, together with the improvements thereon, during her lifetime, so long as she remains single—said use thereof to terminate either upon her remarriage or death. To the defendant Willie Harris the automobile described, the United States War Bonds described and the sum of $200.52 in cash."

Without extended discussion, these authorities are cited as supporting the decree so rendered: Berg v. Berg, Tex.Civ.App., 115 S.W.2d 1171; McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296; Sims v. Sims, Tex.Civ.App., 62 S.W.2d 495; Wade v. Wade, Tex.Civ.App., 180 S.W. 643; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 22; Helm v. Helm, Tex.Civ. App., 291 S.W. 648.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. They require an affirmance of the judgment; it will be so ordered.

Affirmed.