**THOMPSON v. THOMPSON et al.**

**No. 2961.**

Court of Civil Appeals of Texas.
Waco.

Feb. 8, 1951.

Rehearing Denied March 22, 1951.

J. S. Simkins, Corsicana, for appellant.

J. C. Jacobs, Corsicana, for appellees.

HALE, Justice.

This appeal involves a controversy between appellant and his former wife, Mrs. Gertrude Thompson, concerning certain property rights growing out of the dissolution of their marriage relation. On July 17, 1944, the court below rendered a final judgment in cause No. 23,320 granting Mrs. Thompson a divorce from appellant and disposing of the community estate belonging to them. Each party went into possession of the property awarded to each and neither took any further action against the other with respect thereto until the early part of 1950 when appellant instituted the proceedings out of which this appeal has arisen.

On February 14, 1950, appellant filed his complaint in the divorce suit, whereby he sought to set aside that part of the former decree which disposed of the community property of the parties and to have such property partitioned. As grounds for the relief sought he alleged in substance that the disposition made of the property in the former decree was null and void; and, in the alternative, if such disposition was not void, it should be set aside because of a change of conditions since the decree was rendered. At the same time when he filed his complaint in cause No. 23,320, he also

instituted an independent suit against Mrs. Thompson in cause No. 26,350, whereby he sought a partition of the community property which had been set apart to her as a homestead in the divorce decree. Mrs. Thompson answered the complaint and petition in each proceeding with a general denial and pleas of res judicata and estoppel based upon the prior judgment in cause No. 23,320 as rendered on July 17, 1944. The issues joined by the pleadings of the parties in the two proceedings were tried together in the court below without a jury on July 31, 1950, and each resulted in judgment that appellant take nothing. The trial court then entered an order which was intended to consolidate the two proceedings for the purposes of appeal and the judgment in each is now presented in this court for review upon a consolidated record of such proceedings.

By appropriate points in his brief appellant says the trial court erred in sustaining Mrs. Thompson's pleas of res judicata, in refusing to set aside that part of the judgment rendered in cause No. 23,320 on July 17, 1944 which disposed of the community property of the parties, and in refusing to order a partition of such property at this time, because the judgment upon which the pleas of res judicata were based was and is null and void. He contends that such judgment, in so far as it purported to dispose of the property rights of the parties, was void because the effect thereof was (1) to divest him of his title in and to an undivided one-half interest in the real estate which was set apart to Mrs. Thompson for homestead purposes, contrary to the provisions contained in art. 4638 of Vernon's Tex.Civ.Stats., (2) to require him to support his children who were each over 16 years of age and (3) to require him to pay permanent alimony to his former wife.

In passing upon the question as to whether or not any portion of the judgment rendered in cause No. 23,320 on July 17, 1944, was void, we must bear in mind that there is a vital distinction between the legal meaning and consequences of a void judgment and one that is only voidable. The former, in so far as it purports to be the pronouncement of a court, is not only invalid but is an absolute nullity and is in contemplation of law no judgment at all. T.J. Vol. 25, p. 692, Sec. 254 and authorities. The latter is said to be "a judgment of a court of competent jurisdiction which appears to be valid, but which is, in fact, erroneous or irregular by reason of some defect that does not affirmatively appear upon its face or in its record. While a voidable judgment may be annulled on direct attack, launched within the time and in accordance with the methods provided by law, it is binding and conclusive in all respects until it is actually vacated or set aside." T.J. Vol. 25, p. 696, Sec. 256 and authorities.

The record before us discloses that Mrs. Thompson, acting for herself individually and as next friend for her minor son and daughter, instituted suit in cause No. 23,320 against appellant during the latter part of 1943 for divorce and a settlement of their property rights. In her petition she alleged that the community property owned by her and appellant consisted of the homestead, being lots 1 to 10, inclusive, in Block 38, H. & T. C. Ry. Co. Addition to the City of Corsicana, (hereafter referred to as Block 38) of vendor's lien notes in the sum of $11,000, of cattle and horses, two automobiles and one truck and of other miscellaneous property known to appellant. She further alleged that appellant had sold 400 acres of their land for $18,000 which he stated to her he had lost in gambling; that he had converted into cash at least $20,000 of their property which he had secreted or dissipated in gambling and liquor; and that he was threatening to waste, secrete and conceal additional items of their community property. She sought and secured injunctive relief against him during the pendency of the suit. In response to an order of the court appellant filed in the cause a sworn inventory on January 7, 1944, wherein he listed, under oath, all of the community property which he claimed was owned by himself and his wife, with values as follows: Block 38 and all improvements situated thereon, of the market value of $10,000; cafe equipment of the market value of $150; five horses of the value of $550;

three saddles of the value of $150; household furniture and utensils in the home worth about $900; several war bonds, the exact number and amounts being unknown to him, they being in the possession of Mrs. Thompson; one 1941 model Plymouth automobile worth about $1,000; one 1942 model Mercury automobile the value of which was unknown to appellant; one 1940 model Ford truck worth about $500; 1/2 of 1/8 royalty under 416 acres of land in Navarro county which has no market value; and about $300 in cash in the First National and State National Banks in Corsicana.

The issues raised by the pleadings in the cause were tried with the aid of a jury. After the parties had introduced their evidence the court submitted the case to the jury upon certain special issues. By their answers to the issues submitted, the jurors found from a preponderance of the evidence that appellant had been guilty of cruel treatment towards Mrs. Thompson of such a nature as to render their further living together as husband and wife insupportable and that it would be just, right and fair for Mrs. Thompson to have the use and possession of Block 38 as a homestead during her lifetime. In addition to his main charge the court submitted eleven special issues requested by appellant relating to a just and fair division of the community property of the parties and each answer of the jury was against the contention of appellant. The court adopted the findings of the jury and in accordance with such findings rendered judgment on July 17, 1944, substantially as follows: granting Mrs. Thompson a divorce from appellant and dissolving the bonds of matrimony theretofore existing between the parties; setting apart to Mrs. Thompson for homestead purposes, so long as she shall not remarry or abandon the same, the sole and exclusive possession, use and occupancy of Block 38, including all improvements thereon and all furniture, fixtures and equipment appertaining thereto; awarding to Mrs. Thompson the title and right of possession in and to the 1941 model Plymouth automobile and the credit balance on deposit in the First National and State National Banks of Corsicana and divesting appellant

of all right, title, claim or interest therein; awarding to appellant the title and right of possession in and to the 1942 model Mercury automobile, four horses, two saddles, one Ford truck and trailers and divesting Mrs. Thompson of all right, title, claim or interest therein; and dividing equally between Mrs. Thompson and appellant the 1/2 of 1/8 royalty under 416 acres of land described in deed from W. E. Thompson to W. P. Miller, dated October 29, 1943, and recorded in Vol. 421, page 78 of the Deed Records of Navarro County, Texas. By the terms of this judgment appellant was permanently enjoined from molesting, harming, abusing, or in any manner disturbing Mrs. Thompson or her children and from interfering with Mrs. Thompson in her exclusive possession and enjoyment of Block No. 38 as her homestead. The judgment further provided that all relief prayed for by any party which was not therein expressly granted was in all things refused and denied.

■ We do not think the legal effect of the foregoing judgment was to require appellant to pay permanent alimony to Mrs. Thompson, or to support his children, or to divest him of his title in and to an undivided one-half interest in the property which was set apart to Mrs. Thompson for homestead purposes. We find no provision in the judgment with respect to alimony or child support. The only future requirement of appellant, as provided in the judgment, was that he refrain from further molesting Mrs. Thompson and the children. In her pleadings Mrs. Thompson did not seek, for herself individually or as next friend for her minor children, any permanent alimony or support for either of the children, or to divest appellant of his title to an undivided one-half interest in their community real estate. Furthermore, if it could be said that such relief was sought indirectly, since no such relief was expressly granted in the judgment it must be held to have been refused and denied.

■■ Art. 4638 of Vernon's Tex.Civ. Stats. reads as follows: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of

the parties in such a way as the court shall deem just and right, having due regard for the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate." This mandatory statute does not necessarily require an equal division or partition of the estate of the parties if under all the material circumstances the court should deem such to be unjust and wrong. Its intended purpose and effect was to vest in the district court as a court of general jurisdiction broad discretionary powers in decreeing a proper settlement between the parties to a divorce suit of the property rights arising from a dissolution of their marriage relation, the only express inhibition against a reasonable exercise of such powers being the proviso that neither spouse shall be compelled to divest himself or herself of the title to real estate. Under the provisions of this statute and the facts alleged by Mrs. Thompson and found to exist in cause No. 23,320, we are of the opinion that the court below was legally empowered and authorized to dispose of the community estate of the parties in the way that was ordered in the judgment of July 17, 1944, Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306 and authorities; Smith v. Smith, Tex. Civ.App., 187 S.W.2d 116; Harris v. Harris, Tex.Civ.App., 190 S.W.2d 489 and authorities.

■ Since the court had jurisdiction over the person of the parties and the subject matter of the suit in cause No. 23,320, with judicial power to render the final judgment which was rendered therein on July 17, 1944, we hold that such judgment was not void, either in whole or in part. Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876; Smith v. Pegram, Tex.Civ.App., 80 S.W.2d 354 (er. ref.); Snell v. Knowles, Tex.Civ.App., 87 S.W.2d 871 (er. dis.); Sing v. Somer, Tex. Civ.App., 129 S.W.2d 501, pt. 4 (er. dis. judg. cor.); Wilson v. King, Tex.Civ.App., 148 S.W.2d 442; Livingston v. Stubbs, Tex. Civ.App., 151 S.W.2d 285 (er. dis. judg. cor.); Grayson v. Johnson, Tex.Civ.App., 181 S.W.2d 312; Clark v. Puls, Tex.Civ. App., 192 S.W.2d 905 (er. ref. n. r. e.).

■ If, for any reason, the judgment of July 17, 1944 was in any respect erroneous, irregular or voidable, appellant had an adequate remedy against the prejudicial effect thereof through his legal right of appeal. But he did not appeal from the judgment or any part thereof, and we do not think he has shown any valid or sufficient reason in the present proceedings, either at law or in equity, why any part of the former judgment must be or should now be canceled, annulled, set aside or ignored. On the contrary, he accepted and received the benefits conferred upon him by the judgment and acquiesced in all of its provisions for a period of more than five years. Consequently, under the record before us, it appears that he is conclusively bound by all the provisions in the former judgment, and that he is thereby estopped from asserting any right to have a partition of the community real estate which was therein set apart to Mrs. Thompson for her exclusive use, so long as she shall not remarry or abandon the same for homestead purposes. State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831; Stephenson v. Miller-Link Lbr. Co., Tex.Com. App., 277 S.W. 1039; Kirby Lbr. Corp. v. Southern Lbr. Co., Tex.Civ.App., 192 S.W. 2d 460, Id., 145 Tex. 151, 196 S.W.2d 387, 169 A.L.R. 174. See also: T.J. Vol. 26, p. 41, Sec. 365; Pearce v. Jackson, 84 Tex. 515, 19 S.W. 690; Cauble v. Cauble, Tex. Civ.App., 2 S.W.2d 967 (er. dis.).

Accordingly, all of appellant's points of error are overruled and each of the judgments here appealed from is in all things affirmed.